IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

DANNY KEITH CORWIN,

      Case No. 2:10-CV-1229-SU

      Petitioner,

    v.

MARK NOOTH,

      FINDINGS AND RECOMMENDATION

      Respondent.

    Danny Keith Corwin, 10994763
    Snake River Correctional Institution
    777 Stanton Blvd.
    Ontario, OR 97914-8335

      Petitioner, *Pro Se*

    Ellen F. Rosenblum, Attorney General
    Kristen E. Boyd, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

      Attorneys for Respondent

  1 - FINDINGS AND RECOMMENDATION

SULLIVAN, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state court convictions for Rape, Sodomy, Assault, and Coercion. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) should be denied.

## **BACKGROUND**

On June 3, 2004, petitioner was charged by indictment in Marion County with three counts of Rape in the First Degree, two counts of Domestic Relations Assault in the Fourth Degree, one count of Sodomy in the First Degree, one count of Sexual Abuse in the First Degree, and one count of Coercion. Respondent's Exhibit 102. The charges arose out of incidents involving petitioner and his girlfriend over a two-day period in May 2004.

The victim in this case was a reluctant witness against petitioner, and she testified at trial that she had previously exaggerated her prior statements that led to petitioner's indictment. As a result, the prosecution's case rested heavily on statements the victim made to neighbor Judith Zimmer and two interviewing police officers, Officers Chancellor and Williams. Based upon the evidence adduced at trial, the jury convicted petitioner of two counts of Rape in the First Degree and one count each of Sodomy in the First Degree, Assault in the First Degree, and Coercion. Respondent's Exhibit 101.

2 - FINDINGS AND RECOMMENDATION

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court without issuing a written opinion, and the Oregon Supreme Court denied review. *State v. Corwin*, 211 Or. App. 157, 153 P.3d 712, *rev. denied*, 343 Or. 160, 164 P.3d 1161 (2007).

Petitioner next filed for post-conviction relief ("PCR") in Marion County where the PCR trial court denied relief. Respondent's Exhibits 125, 126, 131. The Oregon Court of Appeals affirmed the decision of the lower court without opinion, and the Oregon Supreme Court denied review. *Corwin v. Nooth*, 235 Or. App. 380, 231 P.3d 1191, *rev. denied*, 348 Or. 669, 237 P.3d 824 (2010).

Petitioner filed his federal Petition for Writ of Habeas Corpus on October 7, 2010 raising the following grounds for relief:

> 1. Petitioner was the victim of ineffective assistance of counsel insofar as: (a) trial counsel failed to object to the admission of hearsay statements of witnesses Judith Zimmer, Officer Chancellor, and Officer Williamson; (b) appellate counsel failed to challenge statements made by the victim implicating petitioner; and (c) counsel failed to argue that petitioner was actually innocent of the alleged charges;[1] and
>
> 2. Petitioner was the victim of prosecutorial misconduct where the Deputy District Attorney did not inform the defense that prior to trial, the victim had recanted her accusations against petitioner.

---

[1] Ground 1(c) appears to be a claim against petitioner's trial attorney.

3 - FINDINGS AND RECOMMENDATION

Respondent asks the court to deny relief on the Petition because: (1) Grounds 1(b), 1(c), and 2 were not fairly presented and are now procedurally defaulted; (2) petitioner is unable to excuse his default through a colorable showing of actual innocence; and (3) Ground 1(a) is not reviewable because it relates solely to a state court's findings concerning state law.

## DISCUSSION

### I.    Exhaustion and Procedural Default

#### A.    Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are

4 - FINDINGS AND RECOMMENDATION

therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**B.   <u>Analysis</u>**

During his direct appeal, petitioner raised a single claim of error: whether the trial court erred when it admitted the victim's alleged hearsay statements which were brought in through her neighbor, Judith Zimmer. Respondent's Exhibit 106, p. 7. Such a claim is not contained in the Petition for Writ of Habeas Corpus and is therefore not eligible for consideration.[2] *See* Rule 2(c), Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254

---

[2] Even if petitioner had included the claim in his Petition, for the same reasons Ground 1(a) fails on its merits, petitioner would not be entitled to relief on this claim of trial court error.

5 - FINDINGS AND RECOMMENDATION

(requiring each habeas petition to "specify all the grounds for relief which are available to the petitioner"); *Greene v. Henry*, 302 F.3d 1067, 1070 fn 3 (9th Cir. 2002) (a court need not consider claims not raised in the petition).

Petitioner next filed for PCR relief, which was denied. In his subsequent Appellant's Brief filed with the assistance of counsel, petitioner raised a single claim: whether trial counsel was ineffective for failing to object to prejudicial and impermissible hearsay testimony by Judith Zimmer and Officers Chancellor and Williamson. Respondent's Exhibit 132, p. 9. This claim corresponds to Ground 1(a) of the Petition for Writ of Habeas Corpus, and respondent concedes that it was fairly presented to the Oregon state courts so as to preserve it for federal review.

Petitioner also filed a Pro Se Supplemental Appellant's Brief wherein he alleged that trial counsel failed to cross-examine the victim when it was discovered during trial that the District Attorney had withheld a pretrial interview with the victim where she recanted the statement she made to the Grand Jury. Respondent's Exhibit 133. This claim is not contained in the Petition for Writ of Habeas Corpus, and is therefore not eligible for habeas corpus consideration.

This record reveals that of the claims contained within the Petition for Writ of Habeas Corpus, petitioner fairly presented only Ground 1(a) to Oregon's state courts so as to preserve it for

federal habeas corpus review.  As such, he failed to fairly present Grounds 1(b), 1(c), and 2 to Oregon's state courts.  Because the time for presenting these claims to Oregon's state courts passed long ago, they are procedurally defaulted.

### C.  **Actual Innocence**

Petitioner argues that his default of Grounds 1(b), 1(c), and Ground 2 should be excused because he is actually innocent.[3]  In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court addressed the process by which state prisoners may prove "actual innocence" so as to excuse a procedural default.  The Court explained that in order to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  *Id.* at 324; *Downs v. Hoyt*, 232 F.3d 1031, 1040 (9th Cir. 2000), *cert. denied*, 121 S.Ct. 1665 (2001).  The Ninth Circuit has held that "habeas petitioners may pass *Schlup's* test by offering 'newly presented' evidence of innocence." *Griffin v. Johnson*, 350 F.3d 950, 963 (9th Cir. 2003).

_____

[3]  Petitioner's allegation of actual innocence does not purport to be a freestanding claim pursuant to *Herrera v. Collins,* 506 U.S. 390, 417 (1993), but is instead only a gateway argument to enable him to overcome his default.  Accordingly, the court should reject respondent's argument that petitioner's claim of actual innocence is not cognizable because it is not contained within the Petition for Writ of Habeas Corpus.

The meaning of "newly presented" evidence is evidence that was not before the trial court.  *Id.*

Ultimately, petitioner must prove that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.  *Schlup*, 513 U.S. at 327; *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Downs*, 232 F.3d at 1040.  In making this determination, this court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial."  *Schlup*, 513 U.S. at 332.

Petitioner argues that the victim's trial testimony was "somewhat ambivalent," and that Petitioner's Exhibits 1 & 2 consisting of post-trial letters authored by the victim show that she recanted her accusations.  A review of Petitioner's Exhibits shows no such recantation.  For example, in Petitioner's Exhibit 1, the victim writes to petitioner:  "I really didn't want for this to happen to you I don't know why they gave you that many years I didn't want to turn you in those people next door did after you went away."  In Petitioner's Exhibit 2, the victim writes:

> I am right in the middle of moving to my own place so . . . soon as I get everything in my new apt. I will go down and see what I can do to get you out.  I know you['re] anxious to have something done but this came up and it[']s low income and I can't pass it up there's a lot of paper work and documents they need . . . I just wanted drop you a line to let you know I haven't forgot[ten] how

> important this is, so I'll get on it as soon
> as I can.

Petitioner's Exhibit 2.

Assuming these Exhibits constitute "new" evidence for purposes of *Schlup*,[4] neither of these Exhibits show any recantation on the part of the victim. While they show concern for petitioner, and the victim expresses that she did not want to turn petitioner into the authorities, the victim's statements do not state that petitioner was wrongly convicted. As a result, petitioner is unable to show that in light of this new evidence, no reasonable juror would have voted to convict him. He is therefore unable to excuse his default.

## II. __Expansion of the Record/Evidentiary Hearing__

Petitioner asks the court to consider Petitioner's Exhibit 1 and Petitioner's Exhibit 2 in support of Ground 1(a). In this respect, he asks the court to consider new evidence not previously considered in determining whether the PCR trial court's adjudication of his Ground 1(a) claim of ineffective assistance of counsel amounts to an unreasonable application of clearly

---

[4] In *Gandarela v. Johnson*, 286 F.3d 1080, 1087 (9th Cir. 2002), the Ninth Circuit concluded that a petitioner attempting to make a gateway showing of actual innocence must "show some degree of due diligence in his initial factual development." As discussed later in this Findings and Recommendation, petitioner did not diligently attempt to submit Petitioner's Exhibits 1 and 2 to Oregon's PCR courts for consideration when he had the opportunity to do so, thus it is questionable whether those Exhibits are now properly considered for purposes of the *Schlup* analysis.

established federal law pursuant to 28 U.S.C. § 2254(d)(1). The court should decline to expand the record with respect to Ground 1(a), or otherwise conduct an evidentiary hearing, because "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

Even if the *Pinholster* prohibition did not apply, petitioner did not diligently attempt to develop this evidence in the state courts as required by 28 U.S.C. § 2254(e)(2). *See Holland v. Jackson*, 124 S.Ct. 2736, 2738 (2004) (§2254(e)(2) requirements apply when a prisoner seeks relief based on new evidence, even where he does not request an evidentiary hearing). The victim authored both of the Petitioner's Exhibits in this case approximately one year prior to petitioner's PCR trial, but petitioner did not present Petitioner's Exhibit 1 to the PCR trial court at all, and only offered Petitioner's Exhibit 2 after the PCR trial court issued its General Judgment in his case and refused to accept any additional evidence. Respondent's Exhibit 131. For all of these reasons, expansion of the record to support the merits of Ground 1(a) with new evidence is not appropriate.[5]

///

---

[5] Although Petitioner's Exhibits 1 and 2 should not be considered in support of Ground 1(a), they are properly considered in assessing petitioner's claim of actual innocence. *See Cristin v. Brennan*, 281 F.3d 404, 412 (3rd Cir. 2002) (§ 2254(e)(2) is inapplicable to gateway procedural issues).

10 - FINDINGS AND RECOMMENDATION

### III. **The Merits**

#### A.   **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires

the state court decision to be more than incorrect or erroneous. *Id* at 410.  The state court's application of clearly established law must be objectively unreasonable.  *Id* at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still lends deference to the state court's ultimate decision.  *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011); *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

    B.  **Analysis**

As Ground 1(a), petitioner alleges that trial counsel was constitutionally ineffective for failing to object to the court's admission of hearsay testimony offered by witnesses Judith Zimmer, Officer Chancellor, and Officer Williamson.  As an initial matter, respondent argues that this allegation relates to a state court's findings concerning state law, and as such, is not reviewable by this court.  While it is not the province of a federal habeas court to re-examine state court findings concerning state law, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), such a principle does not render the federal constitutional question of ineffective assistance of counsel unreviewable.  As such, the court should

review Ground 1(a), but it should also remain mindful of its obligation to accept any state court determinations of state law.

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

13 - FINDINGS AND RECOMMENDATION

Petitioner argues that trial counsel was obliged to object to damaging hearsay statements introduced at trial through two police officers and a neighbor.    The PCR trial court specifically determined that the statements at issue were admissible under Oregon law.    Respondent's Exhibits 126 & 131.    Because the statements at issue were admissible under Oregon law, counsel's performance did not fall below an objective standard of reasonableness where he did not object to this testimony.    *See Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *rev. denied*, 513 U.S. 1001 (1994)(an attorney is not required to file a motion he knows to be meritless). As a result, the decision of the PCR trial court is neither contrary to, nor an unreasonable application of, clearly established federal law.

## RECOMMENDATION

For the reasons identified above, petitioner's request to expand the record should be denied, the Petition for Writ of Habeas Corpus (#1) should be DENIED, and a judgment should be entered dismissing this case with prejudice.    The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge.    Objections, if any, are due by 9/7/2012.    If no

14 - FINDINGS AND RECOMMENDATION

objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 21st day of August, 2012.

/s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge